**In re BROOKVILLE PLUMBING & HEATING, INC., Debtor.**

Bankruptcy No. 894–84051–22.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

May 3, 1995.

Gregory Messer, Trustee, Jacoby & Meyers, Brooklyn, NY.

Arthur Gonzalez, David H. Hartheimer, Office of U.S. Trustee, Garden City, NY.

### DECISION AND ORDER ON NOTICE OF INTENDED SALE OF PROPERTY

EDWARD J. RYAN, Bankruptcy Judge.

Gregory Messer, Trustee of Brookville Plumbing & Heating, Inc., debtor, gave notice that "pursuant to 11 U.S.C. 704(1) and 363(b) the Trustee, Gregory Messer, Esq., will sell through Jackson Hecht Associates, Inc., at public auction free and clear of all liens and encumbrances, if any, same to attach to the proceeds of sale, on Thursday, 4th day of May, 1995 at 10:30 A.M. at Clarkson Van Lines, 921 Conklin Street, Farmingdale, NY 11735, assets of the above Debtor consisting of plumbing supplies and equipment. Fleet Bank alleged secured creditor herein has consented to the sale."

The notice, *inter alia,* states "that unless objections are filed in writing with the Clerk of the Court and with the Trustee on or before 5:00 P.M. on Monday, May 1, 1995, the intended sale as described in this notice will go forward" and it states further that "A hearing on objections, if any will take place before the Honorable Edward J. Ryan, U.S. Bankruptcy Judge, in the U.S. Bankruptcy Court at 1635 Privado Road, Room 200, Westbury, New York 11590, on Wednesday, May 3, 1995 at 10:00 A.M."

\*       \*       \*       \*       \*       \*

Section 363(b) simply requires notice and a hearing before the trustee may use, sell, or lease property of the estate other than in the ordinary course of business. The section applies when the business is not authorized to be operated or when the business is authorized to be operated and the proposed action is out of the ordinary course of business. A court order is not required. The trustee is required to give notice of any proposed use, sale or lease to provide an opportunity for objections and a hearing if there are objections. This is because section 102(1) provides that "notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances" but authorizes the act without an actual hearing if one is not timely requested or there is insufficient time for a hearing. *2 Collier on Bankruptcy* § 363.03 (15th ed. 1993).

No order approving the sale is needed, no objection having been filed. The statute authorizes the sale.

It is so ordered.